UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**KUNTZ, J.**

---------------------------------------------------------------- x

TERON WATSON,

Plaintiff,

-against-

Police Officer PAUL LONCKE, (Shield No. 14361); Police Officer GERARD SALVIA, (Shield No. 11384); and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Teron Watson ("plaintiff" or "Mr. Watson") is a resident of Queens County in the City and State of New York.

7.     Defendant Police Officer Paul Loncke ("Loncke"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Loncke is sued in his individual and official capacities.

8.     Defendant Police Officer Gerard Salvia, Shield No. 11384 ("Salvia"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Salvia is sued in his individual and official capacities.

9.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

### Incident Number One:  October 2, 2011

12.     At approximately 1:06 p.m. on October 2, 2011, plaintiff was lawfully exiting an elevator in the subway station at the intersection of 159th Avenue and Coleman Square, Queens, New York.

13.     Members of the New York City Police Department, including defendant Police Officer Salvia, stopped plaintiff.

14.     Defendant officers began questioning plaintiff.  When plaintiff objected to the officer's questioning, plaintiff was handcuffed, placed under arrest and transported to the transit precinct.

15.     At the precinct, the officers including defendant Salvia, falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff obstructing a seat on the subway.

16.     At no point did the officers observe plaintiff obstructing a subway seat.

17.     From the precinct plaintiff was taken to Queens Central Booking.

18.     Plaintiff was subsequently arraigned in Queens County Criminal Court, where is criminal action associated with his October 2, 2011 arrest was assigned docket number 2011QN053100.

19.     At arraignment, plaintiff's criminal charges were dismissed.

20.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

**Incident Number Two:  January 23, 2013**

21.     At approximately 3:15 p.m. on August 28, 2012, plaintiff was exiting the Borough Hall station in Brooklyn, New York when defendant officers, including defendant Loncke, officer approached him.

22.     The officers began questioning the defendant, asking him if he knew a man named "Sheldon".  The officers also showed plaintiff a photograph "Sheldon".

23.     Plaintiff asked the officers to leave him alone and let him go on his way unmolested.  Plaintiff was handcuffed, placed under arrest and transported to the transit precinct.

24.     At arraignment, plaintiff's criminal charges were adjourned in contemplation of dismissal.

25.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

26.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

28.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

31.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure To Intervene

32.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

34.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### First Amendment Retaliation

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his

First Amendment rights.  Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

38.    As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

39.    As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    (a) Compensatory damages against all defendants, jointly and severally;

    (b) Punitive damages against the individual defendants, jointly and severally;

    (c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d) Such other and further relief as this Court deems just and proper.


DATED:    April 9, 2013
             New York, New York

                                     Robert Marinelli
                                     299 Broadway, Suite 1501
                                     New York, New York 10007
                                     (212) 822-1427

                                     *Attorney for plaintiff*